IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DRAWBAUGH, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 11-300 Erie |
| ED RENDELL, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

On December 6, 2011, pro se Plaintiff Michael Drawbaugh filed a Motion for Leave to Proceed in Forma Pauperis [ECF #1]. The Motion was referred to United States Magistrate Judge Susan Paradise Baxter. Magistrate Judge Baxter granted the Motion for Leave to Proceed in Forma Pauperis on December 12, 2011 [ECF #2]. In her December 12, 2011 Order Magistrate Judge stated:

> The filing fee is $350.00 and Plaintiff having been granted leave to prosecute in forma pauperis, pursuant to the Prison Litigation Reform Act, the Superintendent/Warden of the institution where Plaintiff is incarcerated is directed to remit from the prisoner's account, in monthly installments, the full $350.00 fee. Enclosed is a copy of the form Authorization which Plaintiff is directed to execute and return to the Clerk of Court or withdraw this action by January 2, 2012.
>
> IT IS HEREBY ORDERED that as soon as funds are available in the inmate's prison account, the Superintendent/Warden shall submit an initial partial payment of twenty percent (20%) of the greater of:
>
> > (1) the average monthly deposits to the inmate's account for the past six months, or
> >
> > (2) the average monthly balance in the inmate's prison account for the past six months.

> . . . After the initial payment, if there remains any unpaid fee due and owing the Court, the Superintendent/Warden in any institution where the inmate is incarcerated is required by law to set aside and remit on a monthly basis twenty percent (20%) of the preceding month's deposits credited to the prisoner's account until the $350.00 has been paid in full. Each time a deposit is made to the inmate's account, the Superintendent/Warden shall set aside the deposit immediately before any disbursement is made by the inmate, until an amount equal to twenty percent (20%) of the previous month's deposits is obtained. When the twenty percent (20%) amount is obtained, and the amount in the account exceeds ten dollars, it shall be transmitted in one monthly payment to the Clerk of Court. . . .
>
> . . . This Order will be binding on the Superintendent/Warden of any correctional institution where the prisoner is incarcerated until the filing fee is paid in full in accordance with provisions of 28 U.S.C. § 1915(b)(1).

Order, p. 1.

Plaintiff wrote a letter to Magistrate Judge Baxter which we have treated as an Objection to Magistrate Judge Baxter's December 12, 2011 Order [ECF #8]. In his Objection, Plaintiff argues that to the extent that the Order requires him to pay the $350.00 filing fee, such a requirement violates his constitutional rights because he is an indigent plaintiff who already is having twenty percent (20%) deducted from his pay such that he only makes $15.36 a month. Appeal, pp. 1-2. Plaintiff also requests that if the fee is not waived, that he be added as a plaintiff in Maines v. Rendell, 11-cv-70E. Id.

Upon *de novo* review, contrary to Plaintiff's contention, we find that Magistrate Judge Baxter's December 12, 2011 Order, which follows the filing fee payment plan mandated by 28 U.S.C. § 1915(b)(1), does not violate Plaintiff's rights under the United States Constitution. See Baker v. Suthers, 9 Fed. Appx. 947, 950 (holding that "the Prison Litigation Reform Act's requirement for paying a minimal initial partial filing fee, followed by small installments until the entire filing fee is paid, does not constitute an unconstitutional denial of access to the court or otherwise violate [the prisoner plaintiff's]

2

constitutional rights"); Roller v. Gunn, 107 F.3d 227, 233-34 (4th Cir. 1997) (holding that the filing fee provisions of the Prisoner Litigation Reform Act do not violate a prisoner's constitutional rights to access to the courts or to equal protection); Hampton v. Hobbs, 106 F.3d 1281, 1284-86 (6th Cir.1997) (holding that the filing fee requirements of § 1915(b) do not violate a prisoner's right to access to the courts, do not violate a prisoner's First Amendment rights, do not violate a prisoner's Fifth Amendment guarantee of Equal Protection or due process and do not violate the Double Jeopardy Clause of the United States Constitution.). As stated by the Baker court, "proceeding in forma pauperis in a civil case is a privilege, not a right – fundamental or otherwise." Baker, 9 Fed.Appx. at 950.

Moreover, to the extent Plaintiff wants to participate as a plaintiff in any case, he needs to file such a request on the docket of said case.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that Plaintiff's Objection to Magistrate Judge Baxter's December 12, 2011 Order [ECF #8] is DENIED.

It is further hereby ORDERED, ADJUDGED, AND DECREED that Plaintiff is directed to execute the form Authorization sent to him by Magistrate Judge Baxter with her December 12, 2011 Order or to withdraw this action no later than February 3, 2012.

It is further ORDERED, ADJUDGED, AND DECREED that Plaintiff's request to be added as a plaintiff in in Maines v. Rendell, 11-cv-70E, is DENIED WITHOUT PREJUDICE to Plaintiff to properly move to be added as a plaintiff in that case.

Dated: January 11, 2012

Maurice B. Cohill, Jr.
Senior District Court Judge

cc: Michael Drawbaugh
SCI Albion
10745 Route 18
Albion, PA 16475-0002

3